IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | 07CV5318 |
| Plaintiff, | JUDGE HART |
| v. | MAG. JUDGE SCHENKIER |
| PREMIER WASTE & RECYCLING, INC. | COMPLAINT |
| Defendant. | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct for unlawful retaliation for the exercise of the federally protected right to file a charge of discrimination and to provide appropriate relief to Phillip Berrien who was adversely affected by such retaliation.

## JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. At all relevant times, Defendant, Premier Waste & Recycling, Inc., has continuously been a corporation doing business in the State of Illinois and City of Chicago.

7. At all relevant times, Defendant, Premier Waste & Recycling, Inc., has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant, Premier Waste & Recycling, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Phillip Berrien filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant, Premier Waste & Recycling, Inc.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least 2004, Defendant has engaged in unlawful employment practices in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include retaliating against Phillip Berrien for filing a charge of discrimination by giving him a negative reference and by informing an employer considering him as a candidate for hire that he had filed a charge of discrimination with the EEOC.

12. The result of the practices complained of in paragraph 11 has been to deprive Phillip Berrien of his right to participate in EEOC's charge filing process free from retaliation.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Phillip Berrien.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which retaliate against employees for their participation in the federally protected charge filing process;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of their participation in any EEOC process, and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to make whole Phillip Berrien by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Phillip Berrien by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, in amounts to be determined at trial;

E. Order Defendant to pay Phillip Berrien punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

F. Grant such further relief as this Court deems necessary and proper in the public interest; and

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Deborah Hamilton
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7649