IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07 C 5318 |
| v. | ) ) | Judge Hart |
| PREMIER WASTE & RECYCLING, INC. | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) ) | |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendant Premier Waste & Recycling, Inc. ("Premier Waste") violated Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by retaliating against Phillip Berrien ("Berrien") for his filing a charge of discrimination with the EEOC. This retaliation included giving a potential employer a negative reference for Berrien and informing the potential employer that he had filed a charge of discrimination with the EEOC.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action.

## FINDINGS

3.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.     This Court has jurisdiction of the subject matter of this action and of the parties.

    b.     The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Premier Waste, Phillip Berrien, and the public interest are adequately protected by this Decree.

    c.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, Phillip Berrien, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST RETALIATION

4.     Premier Waste, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

5.     Premier Waste shall pay $15,000 to Phillip Berrien as non-wage relief.

6.     Within five (5) business days after entry of this Decree, the EEOC will mail to Berrien a copy of the Release Agreement attached as Exhibit A. Within five (5) business

days after receipt by Premier Waste from EEOC of a signed Release Agreement, Premier Waste shall issue and mail by certified mail to Berrien a check for $15,000. Premier Waste shall also mail a copy of the check to the EEOC within five (5) business days of sending the check to Berrien. The EEOC shall provide Premier Waste with a current address for Berrien, along with the delivery of the signed release. Premier Waste will issue an IRS Form 1099 with respect to this payment.

## POSTING OF NOTICE

7. Within ten (10) business days after entry of this Decree, Premier Waste shall post at its Illinois facility same sized copies of the Notice attached as Exhibit B to this Decree on bulletin boards usually used by Premier Waste for communicating with all its employees. The Notice shall remain posted for two-years from the date of entry of this Decree.

8. Premier Waste shall ensure that the posting is not altered, defaced or covered by any other material. Premier Waste shall certify to the EEOC in writing within ten (10) business days after entry of this Decree that the Notice has been properly posted. Premier Waste shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours.

## RECORD KEEPING

9. For a period of two (2) years following entry of this Decree, Premier Waste shall maintain records of each complaint of retaliation made by its employees, including former employees. Such records shall indicate the date the complaint was made, who made it, what was alleged, and what actions Premier Waste took, if any, to resolve the matter.

10. Premier Waste shall make all documents or records referred to in Paragraph 9 above, available for inspection and copying within ten (10) business days after the EEOC so requests.

## REPORTING

11. Premier Waste shall furnish to the EEOC written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain a summary of the information recorded by Premier Waste pursuant to Paragraph 9 and a certification that the notice required by Paragraph 7 has remained in place for six-month period preceding the report.

## TRAINING

12. Within ninety (90) days of the entry of this Decree, the owners of Premier Waste -- Richard Heemstra and William Vander Velde -- and any Premier Waste human resources staff or any clerical staff who assist with the completion of reference requests shall participate in a training session by a trainer paid for by Premier Waste and approved by the EEOC regarding the duty to avoid retaliation under the federal laws against employment discrimination. If any new personnel with responsibility for completing references are hired after this training session during the term of the Decree, they shall also receive such training with a trainer paid for by

Premier Waste and approved by the EEOC.

13. Premier Waste shall obtain the EEOC's approval of its proposed trainer(s) prior to the training session. Premier Waste shall submit the name, address, telephone number, resume, training proposal, and any materials to be distributed to the participants, to the EEOC at least fifteen (15) days prior to the proposed date(s) of the training. The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve Premier Waste's designated trainer(s), Premier Waste shall have five (5) calendar days to identify an alternate trainer(s). The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer(s). If the parties cannot through this process agree on a trainer(s), then they may seek the Court's assistance under Paragraph 16.

14. Premier Waste shall certify to the EEOC in writing within five (5) business days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of an attendance list, which shall include the name and position of each person in attendance. Premier Waste shall provide EEOC with copies of all materials distributed to the participants if different from those materials previously provided.

## MAINTENANCE OF A POLICY AGAINST EMPLOYMENT DISCRIMINATION AND RETALIATION

15. Within twenty-eight (28) calendar days of the date of the entry of this Consent Decree, Premier Waste shall distribute to all of its employees a policy against discrimination in employment and retaliation which complies with Title VII and which provides for a complaint process and mechanism for responding to such complaints. Within twenty-eight calendar days of the date of the entry of this Decree, Premier Waste shall also post a copy of this policy at its

facility in a location customarily used to communicate with employees. A copy of the Policy shall be given to each new employee on the day that the person is hired. The inclusion of this paragraph in the Decree does not represent the Court's or EEOC's approval of Premier Waste's policy.

## DISPUTE RESOLUTION

16. In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 16, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

18. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

19. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Premier Waste. Premier Waste,

and any successor(s) of Premier Waste, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Premier Waste, or any successor of Premier Waste, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

20.     Certifications made by Premier Waste must be made under oath. When this Decree requires the submission by Premier Waste of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Deborah Hamilton, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Premier Waste, they shall be mailed to: Jeralyn H. Baran, Chuhak & Tecson, P.C., 30 S. Wacker Dr., Suite 2600, Chicago, IL 60606.

**ENTERED AND APPROVED FOR:**

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C. 20507 | For PREMIER WASTE & RECYCLING, INC. |
| RONALD S. COOPER<br>General Counsel | |
| JAMES LEE<br>Deputy General Counsel | _____<br>Jeralyn H. Baran<br>Chuhak & Tecson, P.C. |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7746

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney

_____
DEBORAH HAMILTON
Trial Attorney

ENTER: _____
The Honorable William T. Hart
United States Senior District Judge

DATE: 3/19/08

## EXHIBIT B
### NOTICE TO ALL PREMIER WASTE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Premier Waste & Recycling, Inc.*, Case No. 07 C 5318 (N.D.Ill.) resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Premier Waste. ("the Company").

In its suit, the EEOC alleged that the Company retaliated against an employee who made a complaint of discrimination to the EEOC, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To resolve the case, the Company and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) the Company will make a payment to the complainant;

2) the Company will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

3) the Company will maintain and distribute to all employees a policy against employment discrimination and retaliation and will train its owners and human resources personnel (if any) regarding the duty to avoid retaliation under the federal laws against employment discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: The Premier Waste Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661.

3/19/08
Date

**WILLIAM T. HART**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF ILLINOIS**

## EXHIBIT A

## RELEASE AGREEMENT

I, Phillip Berrien, in consideration for $ 15,000 paid to me by Premier Waste & Recycling, Inc., in connection with the resolution of EEOC v. Premier Waste & Recycling, Inc., Case No. 07 cv 5318 (N.D. Ill.), waive my right to recover for any claims of retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., that I had against Premier Waste & Recycling Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Premier Waste & Recycling, Inc., Case No. 07 cv 5318 (N.D. Ill.).

Date: _____    Signature: _____